IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02438-WYD-CBS

JEFFREY CHORAK,

   Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

   Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (ECF No. 24), filed July 8, 2014.

By way of background, this case arose out of a motorcycle accident that occurred at a railroad crossing that intersects Main Street in Florence, Colorado (the "Intersection").  On September 13, 2011, at approximately 8:00 p.m., Plaintiff was operating his motorcycle when he crossed the Intersection while traveling east on Main Street.  While crossing the Intersection, Plaintiff alleges that his motorcycle traversed an irregular surface in the roadbed, which created a sharp pain in his back and caused him to lose control of his motorcycle.  At the time of the September 13, 2011 accident, Defendant Union Pacific owned and operated the main single-railroad track at the Intersection.

In this case, Plaintiff claims that he suffered injuries as a result of the accident. Plaintiff asserts that his injuries were caused by Union Pacific's failure to fulfill its duties

under the Colorado Premises Liability Act.  Specifically, Plaintiff asserts that as an "invitee," Union Pacific owed a duty to protect him from dangerous conditions of which it knew or should have known on its property.  Plaintiff further contends that Union Pacific's purported inspections of the subject railroad crossing were ineffective, and that photographs of the crossing reveal "holes in the crossing timbers, visible to any reasonable person's naked eye, revealing dangers and hazards of which Union Pacific either knew or show have known" presented a dangerous condition.  (Resp. to Mot. Summ. J. at 6).

Defendant's Motion for Summary Judgment asserts that judgment should be entered because Union Pacific fulfilled its duties as a landowner under the Colorado Premises Liability Act and exercised reasonable care to protect against dangerous conditions that it knew or should have known about.

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over

x

Case 1:13-cv-02438-WYD-CBS   Document 33   Filed 01/14/15   USDC Colorado   Page 3 of 3

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted). Summary judgment may be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the nonmoving party, that no genuine issue of material fact remains for trial and that the moving party is entitled to judgment as a matter of law. *Bee v. Greaves*, 744 F.2d 1387 (10th Cir. 1984).

After thoroughly reviewing Defendant's pending motion and the parties' related submissions, I find that genuine issues of fact exist in this case with respect to whether Union Pacific unreasonably failed to "warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew" or unreasonably failed to "exercise reasonable care to protect against dangers of which [it] actually knew or should have known." Colo. Rev. Stat. §§ 13-21-115(3)(b) and (c). Thus, Defendant's request for summary judgment is denied. Once a Final Pretrial Order is entered by the magistrate judge, this matter will be set for a jury trial. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 24) is **DENIED.**

Dated: January 14, 2015

                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                Senior United States District Judge